IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. _____ |
| COLBERT F. CLARK and LAURA J. CLARK, | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1334, 1441, 1446 and 1452, defendant Laura J. Clark hereby gives notice of the removal of this cause, from the Circuit Court of Jefferson County, Alabama, where it is pending as Case Number CV-2006-05288 (hereinafter the "State Action") to the United States Bankruptcy Court for the Northern District of Alabama.

Contemporaneously with the filing of this Notice of Removal, Laura Clark is filing a Motion to Transfer the action to the United States Bankruptcy Court for the Middle District of Alabama, Southern Division, in order for it to be consolidated with Case No. 07-10899, the related bankruptcy proceeding which provides the basis for the removal of the State Action.

In support of this removal of the State Action, Laura Clark shows unto this Court as follows:

1. The facts are taken directly from the plaintiff's Complaint in the State Action, attached as part of Exhibit A, and are assumed to be true for the purposes of this Notice of Removal. In 2001 and 2002, Colbert Clark, Laura Clark's husband, guaranteed loans to Clark Crane L.L.C. totaling over $2,000,000. On October 21, 2003, Colbert and Laura Clark transferred their joint ownership interest in a parcel of property located in Dothan, Alabama to Laura Clark, individually. Colbert Clark transferred his interest in a parcel of property in Panama City, Florida to Laura Clark, individually, on July 16, 2004.

2. The plaintiff, GECC, obtained a judgment against a number of parties in relation to the default of the loans to Clark Crane L.L.C., *see General Electric Capital Corp. v. Clark Crane, et al.*, United States District Court for the Middle District of Alabama, Southern Division, Case No. 1:04-CV-740-F. One of the defendants in the default action was Colbert Clark.

3. GECC filed its Complaint in the State Action in Jefferson County Circuit Court on September 8, 2006, seeking to enforce its prior judgment against Colbert Clark. GECC alleged that the conveyances of the properties from Colbert Clark to

2

Laura Clark were fraudulent transfers, and named both Colbert Clark and Laura Clark as defendants in the State Action.

4. As required by 28 U.S.C. § 1446(a) and *Fed. R. Bankr. Proc.* 9027(b), copies of all pleadings and process in the Circuit Court are attached as Exhibit A.

5. Colbert Clark filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Alabama on July 11, 2007 (the "Bankruptcy Action"). This removal is timely, pursuant to 28 U.S.C. § 1446, because it is being filed within 30 days of the time the State Action became removable, *see* 28 U.S.C. § 1446(b), and, pursuant to the rules of bankruptcy practice, because it is being filed prior to 90 days after the order for relief in the bankruptcy proceeding is filed and there is no order terminating a stay. *See Fed. R. Bankr. Proc.* 9027(a)(2).

6. This Court has jurisdiction over the State Action pursuant to 28 U.S.C. § 1334, which provides, in pertinent part:

> (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

3

7. The State Action arises under or is related to Colbert Clark's bankruptcy proceeding because it is an attempt by GECC to collect upon a debt owed by Colbert Clark that arose before the commencement of the bankruptcy petition. *See, e.g., Carlton v. Baww, Inc.*, 751 F.2d 781, 787 (5th Cir. 1985) (pre-petition fraudulent conveyance action became trustee's action, under 11 U.S.C. § 544(b), when transferor petitioned for bankruptcy and thus invoked 28 U.S.C. § 1334(b) "arising under" jurisdiction); *Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358, 360 (D. Kan. 2004) (claims of conspiracy to defraud by means of fraudulent transfers were "related to" ongoing bankruptcy proceedings).

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). If, as GECC alleges, the conveyances from Colbert Clark to Laura Clark were fraudulent, then the assets transferred belong to the bankrupt estate and GECC may not continue its efforts to recover the value of those assets to satisfy its judgment.

4

8. In addition, the fraudulent transfer claim in the State Action is a "core proceeding" in the Bankruptcy Action. *See* 28 U.S.C. § 157(b)(2)(H) ("proceedings to determine, avoid or recover fraudulent conveyances" are core proceedings); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 50 (1989). Accordingly, the State Action arises in or is related to the Bankruptcy Action under 28 U.S.C. § 1334(b), and the Bankruptcy Court has jurisdiction over the State Action.

9. A defendant removing an action to Federal court must remove the state matter to the division and district in which the state action was filed. *See* 28 U.S.C. §§ 1441(a), 1446(a) and 1452(a). Jefferson County is located within the Southern Division of the Northern District of Alabama. 28 U.S.C. § 81. The Northern District refers all matters arising in or related to a case under title 11 to the United States Bankruptcy Court for the Northern District of Alabama pursuant to the District Court's July 16, 1984 General Order of Reference of Bankruptcy Matters. Accordingly, Federal jurisdiction over this matter is proper and this Court is the proper venue for the removal.

10. As shown by Exhibit B, Colbert Clark, the only defendant in the State Action other than Laura Clark, consents to this Notice of Removal.

For these reasons, Laura Clark prays that this Court will accept this Notice of Removal as provided by the law governing the removal of cases to this Court; make

the proper orders to achieve the removal of the State Action from the Circuit Court of Jefferson County, Alabama to this Court; and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the said Circuit Court.

DONE this 17th day of July, 2007.

_____
Charles K. Hamilton
John W. Clark IV
Bainbridge, Mims, Rogers & Smith, LLP
Suite 415-The Luckie Building
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253-0886
(205) 879-1100
(205) 879-4300 (fax)
khamilton@bainbridgemims.com
jclark@bainbridgemims.com

6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on July 17, 2007, by depositing a copy of the same in the United States mail, postage prepaid and properly addressed, upon each of the following:

Daniel D. Sparks
Christian & Small, LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

Eric S. Schuster
Gebhardt & Smith LLP
One South Street
Suite 2200
Baltimore, Maryland 21202

Collier H. Espy, Jr.
Espy, Metcalf & Espy, P.C.
Post Office Drawer 6504
Dothan, Alabama 36302-6504

/s/ John W. Carle
Of Counsel